**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff-Respondent,<br><br>v.<br><br>Joseph Robert Zoran,<br><br>　　　　　Defendant-Petitioner. | Case No. 04-cr-355 (SRN/FLN)<br>Case No. 05-cr-118 (SRN/FLN)<br><br>**AMENDED<br>MEMORANDUM OPINION<br>AND ORDER** |

James E. Lackner, United States Attorney's Office, 316 North Robert Street, Suite 404, St. Paul, Minnesota 55101; and Nicole A. Engisch, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff-Respondent.

Douglas Olson, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant-Petitioner.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant-Petitioner Joseph Robert Zoran's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Government opposes the motion. For the reasons set forth below, Defendant-Petitioner's motion is denied.

## II.　BACKGROUND

In November 2004, Defendant-Petitioner pled guilty in federal court (Case No. 04-cr-355) to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2252A(b)(2). (See Plea Agreement & Sentencing Stips. ¶ 2 [Doc.

No. 27]; Minutes of Proceedings, dated Nov. 12, 2004 [Doc. No. 26].) He failed to appear at the sentencing hearing. After he was apprehended, Defendant-Petitioner pled guilty (Case No. 05-cr-118) to one count of failure to appear in violation of 18 U.S.C. § 3146(a)(1). (See Indictment [Doc. No. 1]; Minutes of Plea Hearing, dated Nov. 7, 2005 [Doc. No. 15].)

The sentencing for both convictions occurred on November 7, 2005, in front of then-U.S. District Court Chief Judge James M. Rosenbaum. At the hearing, Chief Judge Rosenbaum stated: "I am sentencing [Defendant] to 24 months on the pornography charge and 13 months on Count – on the additional count to be served consecutively. . . . It is thereafter ordered that [Defendant] serve a term of supervised release of three years." (Tr., Crim. Nos. 04-355 & 05-118, Nov. 7, 2005, at 16:16–17:7 [Doc. No. 81 in 04-cr-355 & Doc. No. 50 in 05-cr-118].) The court minutes that were entered in each case following the sentencing hearing state: "Defendant sentenced in 04-355 and 05-118. Term of [s]upervised release for both cases but defendant shall serve only one 3 year term." (Sentencing Court Minutes, 04-cr-355 [Doc. No. 46]; Sentencing Court Minutes, 05-cr-118 [Doc. No. 16].) Thereafter, a judgment was entered in each case, stating the following in regard to supervised release: "Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years**." (Judgment in a Criminal Case, Nov. 7, 2005, at 3 [Doc. No. 47 in 04-cr-355 & Doc. No. 17 in 05-cr-118].)

After completing his prison sentence, Defendant-Petitioner began serving his supervised release sentence. However, the Court revoked Defendant-Petitioner's supervised release after he admitted to violating the terms. At Defendant-Petitioner's revocation

2

hearing on February 2, 2009, Chief Judge Rosenbaum sentenced him to imprisonment for 18 months in 04-cr-355 and 1 month in 05-cr-118, "to be served consecutively." (Judgment in a Criminal Case, Feb. 2, 2009, at 2 [Doc. No. 60 in 04-cr-355 & Doc. No. 28 in 05-cr-118] (emphasis omitted).) The Court also imposed a supervised release sentence of 18 months in 04-cr-355 and 35 months in 05-cr-118, "to be served concurrently." (Id. at 3 (emphasis omitted).)

After Defendant-Petitioner completed his post-revocation prison sentence, he began serving the post-revocation supervised release sentence. However, Defendant-Petitioner again violated the terms of his supervised release. On September 30, 2011, the undersigned U.S. District Court Judge revoked Defendant-Petitioner's supervised release and sentenced him to imprisonment for 6 months in 04-cr-355 and 18 months in 05-cr-118, "to be served consecutively." (Judgment in a Criminal Case, Sept. 30, 2011, at 2 [Doc. No. 74 in 04-cr-355 & Doc. No. 43 in 05-cr-118] (emphasis omitted).) The Court also imposed a supervised release sentence of 18 months in 05-cr-118. (Id. at 3.) Defendant-Petitioner appealed this sentence to the Eighth Circuit Court of Appeals. See United States v. Zoran, 682 F.3d 1060, 1061 (8th Cir. 2012). With the exception of remanding the case for the purpose of reducing the supervised release term from 18 months to 17 months, the Eighth Circuit upheld Defendant-Petitioner's sentence. See id. at 1065 n.7.

## III. DISCUSSION

### A. Claims

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Eighth Circuit has held that:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). The petitioner bears the burden of proof as to each ground for relief. Kress v. United States, 411 F.2d 16, 20 (8th Cir. 1969) (citations omitted).

In his § 2255 motion, Defendant-Petitioner presents two grounds for relief. First, Defendant-Petitioner claims that "[t]he court imposed an illegal supervised release revocation sentence." (Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion"), at 5 (Ground 1) [Doc. No. 89 in 04-cr-355 & Doc. No. 58 in 05-cr-118].) Second, Defendant-Petitioner asserts that he did not receive effective assistance of trial or appellate counsel. (Id. at 6 (Ground 2).) For the reasons discussed below, Defendant-Petitioner's claims fail.

### 1. Illegal Sentence

Defendant-Petitioner first claims that the Court imposed an illegal supervised release sentence upon him at the September 30, 2011, revocation hearing. (See § 2255 Motion at 2–5.) Specifically, Defendant-Petitioner asserts:

> On November 7, 2005, [Defendant] was originally sentenced to a single term of supervised release of 36 months, not two concurrent three year terms of supervised release as the court presumed at his revocation hearings. Accordingly, upon all revocations, the total term that could have legally been imposed was 36 months. [Defendant]'s first revocation was for 19 months. The total the court should have been permitted to impose upon his second revocation was 17 months, and the court imposed a term of 24 months with additional supervision to follow. [Defendant] has already served nearly the entire 17 months that legally was permissible. In addition, no further supervised release term should have followed. The court has illegally imposed an additional supervised release term of 18 months to follow his concurrent term of imprisonment. Neither the court nor the lawyers involved in [Defendant]'s revocation proceedings understood that the original sentence called for a single supervised release term, not two concurrent terms.

(Id. at 5.) Thus, Defendant-Petitioner's entire claim is premised on the allegation that his original sentence consisted of one 36-month term of supervised release, rather than two 36-month terms of supervised release to be served concurrently. However, Defendant-Petitioner offers no support in the record for his assertion and, in fact, his allegations are contradicted by the record and previous findings made by the Eighth Circuit in Defendant-Petitioner's direct appeal.

First, the record as a whole indicates that Defendant-Petitioner was originally sentenced to two 36-month terms of supervised release—one in 04-cr-355 and one in 05-cr-118—to be served concurrently. For example, the minute sheets from the original sentencing state that Defendant-Petitioner was sentenced to a term of supervised release

in both cases, but that he would serve those terms concurrently. In addition, although neither the transcript of the original sentencing hearing nor the language of the judgments entered after that sentencing explicitly states that Defendant-Petitioner was sentenced to two terms of supervised release, the language in those documents (which indicates that Defendant-Petitioner was to serve a 36-month term of supervised release) is consistent with the minute sheets' indication that he was to serve the two imposed terms concurrently. And, had the sentencing judge meant for Defendant-Petitioner to receive only one 36-month term of supervised release, he would have specified to which case (04-cr-355 or 05-cr-118) it attached. Finally, the district court judge who entered Defendant-Petitioner's original sentence also entered Defendant-Petitioner's first post-revocation sentence, basing the latter on an original supervised release sentence of two, concurrent, 36-month terms. Thus, any confusion about the details of the original sentence is clarified by the same judge's subsequent actions at the revocation hearing.

Second, the Eighth Circuit found that Petitioner was originally sentenced to two terms of supervised release. During Defendant-Petitioner's direct appeal of his second post-revocation sentence, the Government discussed—in its opposition brief and a letter to the court—the phrasing used by the judge at the original sentencing hearing to describe Defendant-Petitioner's supervised release sentence, as well as the language used in the court minutes and the judge's interpretation of the sentence in imposing the first post-revocation sentence. (See Br. of Appellee at 2 n.2 [Doc. No. 95-1 in 04-cr-355 & Doc. No. 62-1 in 05-cr-118]; Letter from J. Lackner to Hon. Beam, Loken, & Wollman, dated Apr. 24, 2012 [Doc. No. 95-2 in 04-cr-355 & Doc. No. 62-2 in 05-cr-118].) With this

6

information in the record, the Eighth Circuit stated that the district court had originally "imposed two concurrent three-year terms of supervised release." Zoran, 682 F.3d at 1061.

Accordingly, Defendant-Petitioner's illegal sentence claim fails because the record shows that the calculations of his post-revocation sentences were properly based upon an original sentence of two, concurrent, 36-month terms of supervised release.

### 2. Ineffective Assistance of Counsel

Defendant-Petitioner next claims that he received ineffective assistance of counsel at his two revocation hearings and in his appeal. (See § 2255 Motion at 6.) In order to obtain relief for ineffective assistance of counsel, Defendant-Petitioner must establish both that his counsel's performance "fell below an objective standard of reasonableness," and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688 (1984). Defendant-Petitioner bears the burden of establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This is a "heavy burden." Apfel, 97 F.3d at 1076.

The only error allegedly committed by Defendant-Petitioner's counsel is a failure to "raise or argue" the issue that Defendant-Petitioner's original sentence was for a single 36-month term of supervised release rather than two concurrent terms. (See § 2255 Motion at 6.) However, as discussed above, the record demonstrates that Defendant-Petitioner's original sentence did include two concurrent terms of supervised release. As a result, Defendant-Petitioner's counsel did not err by failing to make the argument, and Defendant-Petitioner cannot establish a reasonable probability that the result of either of

his revocation proceedings or his direct appeal would have been different had his counsel made the argument.[1]  Therefore, Petitioner's ineffective assistance of counsel claim fails.

### B. Evidentiary Hearing

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "Accordingly, a petition can be dismissed without a hearing if: "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).  As discussed above, Defendant-Petitioner's allegations cannot be accepted as true because they are contradicted by the record.  Therefore, an evidentiary hearing is unnecessary.

### C. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a petitioner must first obtain a certificate of appealability.  See 28 U.S.C. § 2253(c)(1)(B).  A court cannot grant a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further

---

[1]  Moreover, as discussed above, the issue of the terms of Defendant-Petitioner's original sentence was raised—albeit by the Government—in front of the Eighth Circuit, and that court implicitly found that Defendant-Petitioner's original sentence included two concurrent terms of supervised release.  See Zoran, 682 F.3d at 1061.

8

proceedings." Fleiger v. Delo, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)).  The Court has considered whether the issuance of a certificate of appealability is appropriate in this case and finds that it is unlikely that another court would decide Defendant-Petitioner's claims any differently than they have been decided here.  Indeed, the original sentencing judge, the undersigned judge, and a panel of judges of the Eighth Circuit Court of Appeals have already interpreted Defendant-Petitioner's original sentence as including two, concurrent, 36-month terms of supervised release.  Accordingly, the Court declines to issue a certificate of appealability.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 89 in 04-cr-355 & Doc. No. 58 in 05-cr-118] is **DENIED**;

2. No evidentiary hearing is required in this matter; and

3. A Certificate of Appealability is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  November 8, 2013            s/Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States District Judge